**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| Appeal of Janet Cote | } | |
| | } | |
| | } | Docket No.257-11-02 Vtec |
| | } | |
| | } | |

Decision and Order on Town= s Motion to Strike Certain of the Statement of Questions

Appellant Janet Cote appealed from the October 24, 2002 decision of the Development Review Board (DRB) of the Town of St. Albans, denying her application to convert three seasonal camps to year-round residential occupancy under ' 302(3)(B) of the Zoning Bylaws, and denying a variance of the lot size requirements under ' 305(5) of the Zoning Bylaws, in part due to Appellant= s failure to submit requested information at the successive DRB hearings. Ms. Cote represents herself; the Town is represented by David A. Barra, Esq.

We must first note that the Environmental Court sits in place of the DRB to hear this application anew (de novo), without regard to what the DRB decided before. Because the Court hears the evidence anew, the Town= s motion to strike Question 7 of the Statement of Questions is GRANTED; the Court will consider the information contained in the disputed fax if it is admissible evidence related to the application before the Court, regardless of whether the DRB considered that evidence.

In 2001, Ms. Cote appealed to the DRB regarding a determination of the Zoning Administrator that the property was in use for A seasonal camps.@ The DRB voted on October 4, 2001 (and ruled in a written decision dated November 5, 2001) to uphold the Zoning Administrator= s determination that the property was in use as A seasonal camps.@ If Ms. Cote disagreed with that determination, she should have appealed the DRB decision to this Court at that time. Because Ms. Cote did not appeal that determination to this Court, she cannot now raise the issue of whether the property was > grandfathered= for year-round residential use. 24 V.S.A. ' 4472. As we have explained in earlier telephone conferences, this issue will only be before this Court if some future DRB decision addresses it and that decision is appealed to this Court. Accordingly, the Town= s motion to strike Questions 1, 2, 3, 4, and 8 of the Statement of Questions is GRANTED.

Questions 5, 11 and 15 assert claims against the Town= s health officer, related to the septic system, road maintenance and drainage for the property. While Ms. Cote is free to file a claim against the Town in Superior Court if she has a cause of action based upon the actions of the town health officer, any such claims are beyond the jurisdiction of this Court in an appeal from the DRB. Accordingly, the Town= s motion to strike Questions 5, 11 and 15 of the Statement of Questions is GRANTED.

Questions 9 and 18 assert claims that the DRB chair Mr. Boyd, who has an interest in neighboring property, had a conflict of interest. While he participated in the 2001 proceedings, that decision is not before the Court in this appeal. If a DRB member with a conflict of interest participates in a DRB decision, the Court can vacate the decision for that reason, and order the matter to be considered again by the DRB without the participation of the disqualified member. However, it appears from the minutes that as of and after August 22, 2002, Mr. Boyd did recuse himself from participation as a DRB member in the hearing and deliberations on this application. While Ms. Cote is free to file a claim against the Town in Superior Court if she has a cause of action based upon the actions of this town official in his official capacity, such as her allegations of continuing threats and harassment, any such claims are beyond the jurisdiction of this Court in an appeal from the DRB. Accordingly, the Town= s motion to strike Questions 9 and 18 of the Statement of Questions is GRANTED.

Questions 10, 12, 16, and 17 raise claims related to the private property rights of Ms. Cote and the neighboring landowners regarding their respective boundaries and their respective rights in and duties to maintain Sandy Cove Road. While Ms. Cote is free to file a claim against these landowners in Superior Court to settle their respective rights, any such claims are beyond the jurisdiction of this Court and cannot be considered in this appeal.

Questions 6, 13 and 14 regarding the merits of Ms. Cote= s application therefore remain for decision by this Court.

As Ms. Cote continues to assert her intention to have the assistance of counsel at the hearing on the merits of this application, we will schedule the hearing enough in advance to allow her time to retain an attorney and for that attorney[1] to prepare for the trial. Accordingly, it is scheduled to be held on Wednesday, July 9, 2003, at the Costello Courthouse (Chittenden District Court) on Cherry Street in Burlington, subject to the availability of a courtroom. The case arises in Franklin County and the hearing would normally be held in St. Albans, but Ms. Cote has requested that it be held in Washington County as a more convenient location for her. We will schedule it in Burlington to make the hearing more convenient for Ms. Cote without seriously inconveniencing the witnesses who will have to travel from St. Albans, but cannot schedule it as far from St. Albans as Washington County.

Done at Barre, Vermont, this 11th day of April, 2003.

_____
Merideth Wright
Environmental Judge

---

**Footnotes**

1.	As she stated in today's telephone conference that she intends to retain Attorney Jim Caffry, we will send him a courtesy copy of this order.